**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BRENDA SINGLETON** | * | **JUDGE ELDON E. FALLON** |
| | * | |
| **VERSUS** | * | **CIVIL CASE NO. 26-447** |
| | * | |
| **JENNY ABSHIER, BRYCE MURRAY, BIG EASY LAW FIRM, AND FELIX TASSEY MATHIEU** | * | **MAGISTRATE JUDGE KAREN WELLS ROBY** |
| * * * * * * * * | | |

**ORDER & REASONS**


Before the Court is a Motion to Dismiss pursuant to Rule 11 of the Federal Rules of Civil Procedure filed by Defendants Jenny Abshier, Bryce Murray, and Big Easy Law Firm. R. Doc. 18. Plaintiff Brenda Singleton opposes the motion. R. Doc. 20. Considering the record, briefing, and applicable law, the Court now rules as follows.

I.      BACKGROUND

This case arises from alleged breach of contract and personal injury claims related to Defendants' representation of a creditor during Plaintiff's bankruptcy proceedings. R. Doc. 1. Defendants served as counsel for State Farm, one of Plaintiff's creditors. Plaintiff asserts that this Court has jurisdiction under the Federal Tort Claims Act (FTCA) pursuant to 28 U.S.C. § 1331. R. Doc. 1. Plaintiff is a *pro se* litigant.

Although Plaintiff's allegations are difficult to discern, her amended complaint, styled "Do Not Dismiss These Crooks," asserts that Defendants stole her property and inheritance, attempted

to alienate her family members, and sought to harm her. R. Doc. 15. Along with her complaint, Plaintiff filed an *ex parte* motion to proceed *in forma pauperis*, with addendum to access the U.S. Marshall's service, representing that she owned no property, had no income, and was destitute.  R. Doc. 3.

Concurrently, Plaintiff sought relief under Chapter 13 of the Bankruptcy Code, representing that she owned five real estate properties valued at $331,800, personal property valued at $108,123, and earned monthly income of $5,100.  Plaintiff's underlying bankruptcy case was ultimately dismissed with prejudice, and she was barred from refiling for two years due to abuse of process. R. Doc. 18. In imposing that sanction, the bankruptcy court cited Plaintiff's history of vexatious filings and her failure to make meaningful, good-faith progress toward repaying creditors. R. Doc. 18-7 at 10.

## II.    PENDING MOTION

Defendants now move for sanctions under Rule 11, arguing that Plaintiff made material misrepresentations regarding her assets in her motion for *in forma pauperis* status. R. Doc. 18. Defendants further contend that Plaintiff filed this action "in furtherance of her vexatious, harassing, and unlawful behavior" during her bankruptcy proceedings, which resulted in the dismissal of a prior claim against one Defendant and the dismissal of her bankruptcy proceeding. R. Doc. 18-1 at 2. According to Defendants, Plaintiff was provided notice of the alleged misconduct but made no effort to cure the purported misrepresentations. R. Doc. 18-2 at 2. Defendants also assert that, after receiving notice, Plaintiff continued to file "additional vexatious and harassing writings." *Id.*

Plaintiff's opposition is unresponsive as to whether or not she should be sanctioned and she fails to respond to any of Defendants' allegations. R. Doc. 20. Instead, Plaintiff appears to

2

allege different claims than those outlined in her original complaint, argues that lawyers in district court "cannot use the same tactics used in bankruptcy court[,]" and vaguely cites procedural and jurisdictional rules as the basis for these allegations. *Id.*

### III.    LEGAL STANDARD

Rule 11 allows the Court to impose sanctions on any litigant who files pleadings, motions, or other papers in violation of the Rule. By presenting a filing to the court, a party certifies, among other things, that: (1) the filing is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (2) the factual contentions therein have evidentiary support or, if specifically identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b).  Rule 11 further provides that, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Although *pro se* litigants are afforded some leniency, they remain subject to Rule 11 and may be sanctioned for abusive litigation conduct. As one court observed, "[w]hile not held to the same high standard governing the conduct of an attorney-at-law, a pro se party, too, has accountability under Rule 11." *Taylor v. County of Copiah*, 937 F. Supp. 580, 585 (S.D. Miss. 1995). Likewise, the Fifth Circuit has emphasized that *pro se* status does not provide "an impenetrable shield," noting that a self-represented litigant has "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

In determining an appropriate sanction, courts generally seek to impose the least severe sanction adequate to deter the offending conduct. *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993). Although dismissal is available as a sanction, it is an extreme remedy that should be employed only sparingly. The Fifth Circuit has held that dismissal is warranted only where there exists "a clear record of delay or contumacious conduct by the plaintiff." *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980)). Where monetary sanctions prove ineffective in deterring vexatious litigation, courts may consider prospective filing restrictions. In *Day v. Allstate Insurance Co.*, the Fifth Circuit recognized that injunctions against future filings may be appropriate to curb abusive litigation practices. 788 F.2d 1110 (5th Cir. 1986). Such injunctions, however, must be narrowly tailored to protect the courts and opposing parties while preserving a litigant's legitimate right of access to the judicial system. *Farguson*, 808 F.2d at 360 (citing *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984)).

## IV.    DISCUSSION

Defendants now request, among other sanctions, dismissal of this action with prejudice pursuant to Rule 11. Although Plaintiff proceeds *pro se* and is therefore entitled to some measure of leniency, *pro se* litigants remain subject to the requirements of Rule 11 and may be sanctioned. *See Farguson,* 808 F.2d at 359.   The record demonstrates that Plaintiff made material misrepresentations in her application to proceed *in forma pauperis*. Specifically, Plaintiff represented to the Court that she lacked the financial means to pay the filing fee, while documents presented to the bankruptcy court establish that Plaintiff owned multiple real properties and possessed assets in excess of $300,000 at the time of her application. Accordingly, the Court finds that these representations were materially false and lacked evidentiary support. Such conduct

constitutes a violation of Rule 11, but is further an abuse of the judicial process and undermines the integrity of proceedings before this Court.

The Court further finds that Plaintiff has engaged in a pattern of harassing and vexatious conduct directed both toward Defendants and toward the judicial process itself. While the Court is mindful that sanctions should not be imposed in a manner that discourages litigants from pursuing potentially meritorious claims, Rule 11 exists to deter precisely the type of conduct reflected in this record. *See Farguson,* 808 F.2d at 359.  Plaintiff's actions have imposed unnecessary burdens on Defendants and have consumed judicial resources.

In determining the appropriate sanction, the Court has considered whether lesser sanctions would adequately deter future misconduct. The Court concludes that they would not. The record plainly reflects that Plaintiff has previously initiated litigation arising from similar allegations and that those actions were dismissed under circumstances involving comparable misconduct. Despite those prior dismissals, Plaintiff has continued to pursue vexatious litigation and has persisted in making material misrepresentations to the Court. Accordingly, the Court finds a clear record of contumacious conduct sufficient to warrant the extraordinary sanction of dismissal with prejudice. *See Anthony*, 617 F.2d at 1167.

V.    **CONCLUSION**

Considering the foregoing,

**IT IS ORDERED** that Defendant's motion for sanctions, R. Doc. 18, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff refrain from instituting any further actions against any or all of the Defendants herein based on any matters set forth in the Complaint at bar lest she be ordered to appear and show cause why she should not be held in contempt of court.

New Orleans, Louisiana, this 16th day of June, 2026.

THE HONORABLE ELDON E. FALLON